# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JAMES EDWARD BASSHAM, | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 1:10-0019 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| GEORGE M. LITTLE, et al, | ) | |
| | ) | |
| **Defendants.** | ) | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the South Central Correctional Facility in Clifton, Tennessee. He brings this action under 42 U.S.C. § 1983 against Robert Huffman, Daniel Arnold, Stephen McFall, Leigh Kilzer, Christopher Hammond, all Correctional Officers at the South Central Correctional Facility; Dennis Ceres, Institutional Librarian; Bruce Woods, Education Principal; Cherry Lindamood, Warden; and several other defendants claiming that they, individually and/or in concert, deprived him of his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

The events about which the plaintiff complains all occurred during the plaintiff's incarceration at the South Central Correctional Facility between November 1, 2009, and January 22, 2010. The plaintiff seeks preliminary and permanent injunctive relief, compensatory and punitive damages, and a transfer from the South Central Correctional Facility to one of three other institutions.

## I. Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II. Section 1983 Standard

Plaintiff Bassham alleges a host of claims under § 1983 against many defendants. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III. Analysis of Section 1983 Claims

### A. Denial of access to the courts (Compl. ¶¶ 23-25, 32, 33-34, 37)

Plaintiff Bassham first alleges that, on November 1, 2009, Correctional Officer Huffman instructed the plaintiff to leave the South Central Correctional Center law library, confiscated two legal cases from the plaintiff's folder, and instructed Institutional Librarian Ceres to cancel the

2

plaintiff's extended library time. Plaintiff Bassham alleges that Ceres failed to intervene and to notify Huffman that the plaintiff was "legitimately in the Library" on the day of the incident. (Docket No. 1, ¶ 23, p.6).

Plaintiff Bassham's second denial of access to the courts claim alleges that Correctional Officer Huffman and Institutional Librarian Ceres prevented the plaintiff from entering the jail law library on December 17, 2009.

Plaintiff Bassham's third denial of access to the courts claim alleges that, on December 23, 2009, Correctional Officers Arnold and McFall prevented the plaintiff from utilizing his law library time by subjecting him to an unwarranted frisk and by refusing to recognize that the plaintiff had a valid law library pass.

Plaintiff Bassham's fourth denial of access claim alleges that, on January 22, 2010, Education Principal Woods told the plaintiff that he could no longer type any grievances in the library or take any grievances into the library. Woods allegedly advised the plaintiff that, by filing grievances, he was "painting a bullseye on [his] back" and that, if he continued to file grievances, "things are going to be very hard for you. You're going to wonder why, then you'll think back to what I'm saying to you now. You're about to make your time hard, for something so small." (Docket No. 1, ¶ 37, pp.13-14).

The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id*. at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v.*

3

*Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

In this case, plaintiff Bassham has not alleged that any defendant's conduct prejudiced his filing or prosecution of a legal matter. *Id.* Indeed, despite the conduct about which the plaintiff complains, he successfully has typed and filed a lengthy complaint in this matter. As such, the plaintiff fails to state claims that are actionable under the First Amendment for the denial of access to the courts. Accordingly, those claims will be dismissed.

### B. Denial of due process (Compl. ¶¶ 26-29, 39, 39a, 39b)

Plaintiff Bassham alleges that, on November 17, 2009, Correctional Officer Kilzer failed to issue a 24-hour notice of the plaintiff's hearing on Grievance #14599/215004 and refused to postpone or reschedule the hearing upon the plaintiff's request after learning that the notice had not been issued. This failure prevented the plaintiff from calling witnesses on his behalf, which the plaintiff alleges constituted a deprivation of his constitutionally-protected due process rights.

Absent any allegations of harm resulting from the plaintiff's inability to call witnesses on his behalf at the grievance hearing, the Court finds that the failure of Correctional Officer Kilzer to

4

issue the 24-hour notice of the plaintiff's hearing on a grievance did not constitute a violation of his due process rights; the failure to receive 24 hours notice of the hearing did not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).

Plaintiff Bassham next alleges that, after the hearing on Grievance #14599/215004, he sought copies of the library sign-in logs for the day of the initial incident, and Institutional Librarian Ceres denied his request. According to the plaintiff, he then formally sought to obtain the library log-in copies as well as a copy of the 24-Hour Hearing Notice. He also submitted an article of inquiry to Warden Lindamood regarding what the plaintiff perceived as a mishandling of the grievance procedure in which the plaintiff requested another hearing on his grievance. On November 27, 2009, the plaintiff was notified that Warden Lindamood concurred with the previous response pertaining to Grievance #14599/215004. The plaintiff then appealed the grievance to the Commissioner of the State of Tennessee.[1] The plaintiff then filed another grievance, claiming that Warden Lindamood had "knowledgeable involvement" in the alleged deprivation of the plaintiff's constitutional rights because Warden Lindamood concurred with the prior decisions regarding the plaintiff's grievance. According to the plaintiff, all of the aforementioned actions violated his due process rights.

With respect to the Warden and the Commissioner, the law is settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v.*

---

[1]The plaintiff identifies two defendants as holding the title of Commissioner of the State of Tennessee "at all times mentioned herein": George M. Little and Gayle Ray. (Compl. ¶¶ 6,7, p. 2). For purposes of this review, the Court assumes the plaintiff intends to refer to both Little and Ray when he uses the phrase: "The Commissioner."

*Dep't of Social Servs. of The City of New York*, 436 U.S. 658, 659, 691-95 (1978); *Taylor v. Mich. Dep't of Corrs.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982). For vicarious liability to attach, each defendant must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The foregoing also pertains to lawsuits that attempt to impute liability to supervisory personnel. *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507 (6th Cir. 1996).

Where a state actor's role is limited to the denial of administrative grievances, or the failure to act with respect to such grievances, such state actors are not liable under § 1983 on the theory that their actions constituted an acquiescence with respect to the alleged unconstitutional conduct. *See Shehee*, 199 F.3d at 300. More particularly, a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Miller v. Bock*, No. 02-1964, 2003 WL 202173, at *2 (6th Cir. Jan. 28, 2003)(citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988)). Given that plaintiff Bassham's allegations against the Warden and the Commissioner pertain only to their roles in denying or responding to the plaintiff's grievance, the allegations against them fail to state claims upon which relief can be granted. Accordingly, these claims will be dismissed.

Although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure

in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, Plaintiff Bassham cannot support his § 1983 claim on the grounds that the various defendants' responses to his grievance was not as he felt it ought to have been. Accordingly, the plaintiff's due process claims against defendants Ceres, Woods, and Kilzer will be dismissed for failure to state claims upon which relief can be granted.

The plaintiff additionally contends that Education Principal Woods, Jobs Coordinator Cogswell, and Vocational Instructor Thompson conspired to place the plaintiff in a vocational class for the purpose of denying him the ability to prepare grievances in the law library. However, an inmate has no due process right not to attend a program that prison officials direct him to attend. *See Bloomer v. Holland*, No. 99-5236, 1999 WL 1023687, at *1 (6th Cir. Nov. 5, 1999), *see also Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). This claim, too, fails and will be dismissed.

### C. Intimidation, threats, and retaliation (Compl. ¶¶ 30-31, 35, 37-40)

Plaintiff Bassham alleges that, on December 2, 2009, while en route to the chow line for lunch, Correctional Officer Huffman attempted to intimidate the plaintiff so as to discourage him from pursuing his grievance or filing other grievances in the future. The plaintiff contends that this behavior violated his constitutional right to be free from intimidation by guards and from retaliation for filing grievances.

Plaintiff Bassham also alleges that, on January 17, 2010, Correctional Officer Hammond used profane language in an attempt to intimidate and harass him, calling him a "bitch" in front of other inmates and clenching his fist "as if he was preparing to assault" the plaintiff. Following this conduct, Correctional Officer Maples handcuffed the plaintiff and took him to Medical, threatening (as the plaintiff alleges) to put his hands on the plaintiff if the plaintiff put his hands on Maples' officers.

Next, plaintiff Bassham alleges that, on January 22, 2010, Education Principal Woods advised the plaintiff that, by filing grievances, he was "painting a bullseye on [his] back" and that, if he continued to file grievances, "things are going to be very hard for you. You're going to wonder why, then you'll think back to what I'm saying to you now. You're about to make your time hard, for something so small." (Docket No. 1, ¶ 37, pp.13-14).

With regard to the plaintiff's allegations of intimidation, verbal abuse of the nature described does not rise to the level of a constitutional violation. *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir.1987).

With regard to the plaintiffs' allegations of verbal threats, such threats standing alone are generally inadequate to state a constitutional claim. *See Chandler v. Dist. of Columbia Dep't of Corrs.*, 145 F.3d 1355, 1360-61 (D.C. Cir. 1998); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *Ivey*, 832 F.2d 950, 954-55. Although threats could violate an inmate's constitutional rights if the resulting harm were sufficiently severe, *see Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), plaintiff's allegations fall well short of the categories of verbal threat that courts have heretofore recognized as potentially violative of an inmate's constitutional rights, *i.e.*, threats of serious physical injury. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997)(no cognizable claim

8

under § 1983 absent allegations of physical harm or "the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment"; *Northington v. Jackson*, 973 F.2d 1518, 1522 (10th Cir. 1992)(cognizable claim under § 1983 where parole officer held gun to prisoner's head while threatening to kill him); *Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir. 1978)(cognizable claim under § 1983 where a prison guard threatened to have prisoner killed if he persisted in his lawsuit against him). Because the plaintiff does not allege that these defendants threatened him with serious physical injury, the alleged conduct falls in the category of petty harassment which does not rise to the level of a constitutional violation. *See e.g., Vasquez v. City of Hamtramck*, 757 F.2d 771, 773 (6th Cir. 1987). Thus, these claims will be dismissed.

A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*). To establish a *prima facie* case of retaliation within the context of § 1983, a plaintiff must prove that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2), *i.e.*, that the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394. In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396. In the prison context, an adverse action is one that is "comparable to transfer to administrative segregation . . . ." *Thaddeus-X*, 175 F.3d at 397. Further, "[i]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected

conduct,' and cannot proceed beyond step one." *Thaddeus-X*, 175 F.3d at 395. Finally, a disciplinary charge that is upheld on appeal "checkmates a retaliation claim." *Lewis v. Turner*, No. 00-4049, 2001 WL 669816, at *2 (6th Cir. June 7, 2001).

With regard to the plaintiff's retaliation claim, he does not identify any harm, *de minimis* or otherwise, that resulted from the alleged retaliation by the defendants. As a result, the plaintiff's intimidation and retaliation claims against Correctional Officers Hammond and Huffman and Education Principal Woods fail to state claims on which relief can be granted. Accordingly, those claims will be dismissed.

Finally, Plaintiff Bassham contends that Correctional Officer Huffman and Education Principal Woods conspired to have him removed from his job assignment as a library assistant on or around June 5, 2009, as a form of retaliation and reprisal in response to the grievances filed by the plaintiff. However, a prisoner does not have a constitutional right to a particular job, or to any job at all. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Accordingly, this claim, like the plaintiff's other retaliation and intimidation claims pursued under § 1983, will be dismissed because it fails to state a claim upon which relief can be granted.

### D.     Use of excessive force (Compl. ¶ 36, p.12)

Plaintiff Bassham alleges that, on January 17, 2010, as he was leaving the chow hall, Correctional Officer Hammond conducted an overly-aggressive pat-down of the plaintiff, despite the plaintiff's request to proceed cautiously due to his injuries and medical conditions.

A viable Eighth Amendment claim for the use of excessive force has both an objective and subjective component. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S.

294, 298 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). More particularly, in an excessive force claim, the objective component requires that the pain be serious. *See Hudson,* 503 U.S. 1, 8-9. The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991). The subjective component requires the plaintiff to show that the defendants acted "'maliciously and sadistically for the very purpose of causing harm,'" rather than "'in a good faith effort to maintain or restore discipline.'" *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). While a *de minimis* use of force will not support an actionable claim, *Id.* at 9-10; *Moore v. Holbrook*, 2 F.3d 697, 700-01 (6th Cir. 1993), a plaintiff may recover even if he suffers only minor injury, *see Hudson*, 503 U.S. at 10. A prisoner must, however, allege that he sustained more than *de minimis* injury in order to state a viable excessive force claim. *Id.* at 9-10; *Thaddeus-X v. Blatter*, 175 F.3d 378, 402 (6th Cir. 1999).

Here, plaintiff Bassham does not allege that he suffered any injury, *de minimis* or otherwise, as a result of the pat-down by Correctional Officer Hammond. As such, the plaintiff fails to state a claim that is actionable under the Eighth Amendment for the use of excessive force. Accordingly, his claim against defendant Hammonds will be dismissed for failure to state a claim upon which relief can be granted.

## IV.     Other Defendants Not Named in Preceding Counts

Plaintiff Bassham also names as defendants in his Complaint the Corrections Corporation of America (CCA); the Tennessee Department of Corrections (TDOC); Ruben Hodge, the Assistant

Commissioner of the State of Tennessee; Blair Leibach, the Assistant Warden of the South Central Correctional Center; and D. Casteel, a Corrections Officer. However, the plaintiff's only allegations against these defendants pertain to their alleged failures "to take disciplinary or other actions" against their employees or subordinates to prevent the purported harassment, intimidation, and continuous constitutional violations towards" the plaintiff. (Compl. ¶¶ 47-48, p. 17).

As noted above, actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell*, 436 U.S. 658, 659, 691-95; *Taylor*, 69 F.3d 76, 80-81; *Dunn*, 697 F.2d 121, 128. Because plaintiff Bassham has not alleged that these defendants "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the alleged violations of his constitutional rights, his claims against them fail as a matter of law under *Monell* and its progeny. *See Shehee*, 199 F.3d 295, 300. Therefore, the claims against CCA, TDOC, Ruben Hodge, Blair Leibach, and D. Casteel will be dismissed.

In his Complaint, plaintiff Bassham states that "[e]ach defendant is sued individually and in his or her official capacity." (Compl. ¶ 22, p. 5). "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the plaintiff's claims against defendants Little, Ray, Hodge, Lindamood, Leibach, Ceres, Cogswell, Woods, Thompson, Casteel, Maples, Huffman, Arnold, Kilzer, McFall, and Hammond in their official capacities are claims against the State of Tennessee.

However, governmental entities cannot be held responsible for a constitutional deprivation, unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell*, 436 U.S. 658, 691; *Gregory v. Shelby County, Tenn.*, 220 F.3d 433,

442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants acted according to any policy or custom attributable to the State of Tennessee. Consequently, the State of Tennessee has no liability under § 1983 in this matter. Accordingly, the claims against the above defendants in their official capacities, which are claims against the State of Tennessee, will be dismissed.

## V. Conclusion

For the reasons explained above, the plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against all defendants will be dismissed.

An appropriate Order will be entered.

Todd J. Campbell
United States District Judge